IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03120-BNB

ISAAC "SOLOMON" ACEVES,

    Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS, and
COLORADO STATE PENITENTIARY,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Isaac "Solomon" Aceves, is in the custody of the Colorado Department

of Corrections (DOC) and is incarcerated at the Colorado State Penitentiary.  He has

filed a Prisoner Complaint [Doc. # 2] pursuant to 28 U.S.C. § 1343 and 42 U.S.C.

§ 1983.  Mr. Aceves has been granted leave to proceed pursuant to 28 U.S.C. § 1915

with payment of an initial partial filing fee.

The Court must construe Mr. Aceves' Complaint liberally because he is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Aceves will be directed to file an amended complaint.

In the Complaint, Mr. Aceves appears to be challenging prison officials'

destruction of his outgoing legal mail and interference with his constitutional right of

access to the Courts.  Plaintiff seeks monetary and injunctive relief.

The Complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  In order for Mr. Bussie to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  It is the Plaintiff's responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Aceves' claims against the Colorado Department of Corrections and the Colorado State Penitentiary are barred by the Eleventh Amendment.  Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v.*

*Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The DOC is an agency

of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*,

841 F.2d 1042, 1044–45 (10th Cir. 1988).  Congress did not abrogate Eleventh

Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345

(1979).

        Further, it Mr. Aceves intends to assert claims against individual prison officials,

he must allege specific facts to show how each individual defendant was personally

involved in a deprivation of his constitutional rights.  Personal participation is an

essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must

be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185,

1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where

an 'affirmative' link exists between the unconstitutional acts by their subordinates and

their 'adoption of any plan or policy. . .–express or otherwise–showing their

authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362,

371 (1976)).   A supervisor defendant may not be held liable for the unconstitutional

conduct of his  subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*,

556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of

strict supervisor liability; the defendant's role must be more than one of abstract

authority over individuals who actually committed a constitutional violation." *Fogarty v.*

*Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Accordingly, it is

ORDERED that Plaintiff, Isaac "Solomon" Aceves, file **within thirty days from the date of this order,** an amended complaint on the court-approved Prisoner Complaint form that complies with Rule 8 of the Federal Rules of Civil Procedure and otherwise complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Aceves may obtain copies of the court-approved Prisoner Complaint form (with the assistance of his case manager of the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Aceves fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 2, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge