IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03120-LTB

ISAAC "SOLOMON" ACEVES,

    Plaintiff,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS, and
COLORADO STATE PENITENTIARY,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

    The matter before the Court is a Letter filed by Mr. Aceves (ECF No. 15), on January 24, 2014, in which he appears to challenge, in part, the Court's Order dismissing this action. The Court must construe the document liberally because Mr. Aceves is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Letter will be construed liberally as a motion for reconsideration.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Aceves' motion for reconsideration was filed eight days after a Final Judgment was entered dismissing this action on January 16, 2014.  Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

Mr. Aceves initiated this action on November 15, 2013, by filing a Prisoner Complaint on the court-approved form.  He also filed a Prisoner's Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 on the court-approved form, which was granted.  On December 2, 2013, Magistrate Judge Boland entered an order directing Mr. Aceves to file an amended complaint on the court-approved Prisoner Complaint form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The December 2 Order also instructed Plaintiff to obtain copies of the court-approved Prisoner Complaint form (with the assistance of his case manager of the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

On December 6, 2013, Plaintiff filed a document titled "Amended Complaint" that was in the form of a letter.  On December 9, 2013, Magistrate Judge Boland issued a

Minute Order striking the purported "amended complaint" because it was not on the court-approved form, as directed in the December 2, 2013 Order. Mr. Aceves was granted an additional 30 days to submit his amended complaint on the court-approved form. Plaintiff was warned in the December 2 and 9 Orders that failure to comply would result in dismissal of the action. On January 16, 2014, the Court entered an order dismissing this action because Mr. Aceves failed to comply with the Court's orders.

In his motion to reconsider, Mr. Aceves complains that he filed his original complaint on the court-approved Prisoner Complaint form and appears to argue that the Court should have accepted his amended complaint in the format that it was submitted.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (same); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (same); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (same).

Mr. Aceves never advised the court that he was unable to obtain another copy of the Prisoner Complaint form after the Court directed him to file an amended complaint on December 2, 2013. Indeed, Plaintiff had access to the court-approved forms at the time he initiated this action, as evidenced by his November 15, 2013 filings. Furthermore, even if the Court had accepted the self-styled "Amended Complaint" filed by Plaintiff in letter form on December 6, 2013, that allegations therein fails to are largely unintelligible and fail to comply with Fed. R. Civ. P. 8.

After review of the motion to reconsider and the entire file, the Court finds that Mr. Aceves fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action.

Plaintiff is reminded that the dismissal was without prejudice and that he may file a new civil rights action if he desires. Accordingly, it is

ORDERED that Mr. Aceves' motion to reconsider (ECF No. 15) is DENIED.

DATED at Denver, Colorado, this __30th__ day of __January__, 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court